IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

GERALD L. ANDERSON,          )
                                  )
                 Plaintiff,     )     Case No. CV-07-246-S-BLW
                                  )
vs.                            )     **INITIAL REVIEW ORDER**
                                  )
OLIVIA CRAVEN,            )
                                  )
                 Defendant.   )
_____ )

On June 5, 2007, the Clerk of Court conditionally filed Plaintiff's Complaint,

subject to review by the Court to determine whether the Complaint is subject to summary

dismissal under 28 U.S.C. §§ 1915 and 1915A.  Having reviewed the record, and

otherwise being fully informed, the Court enters the following Order.

## REVIEW OF COMPLAINT

### A.      Standard of Law

The Court is required to review complaints seeking relief against a governmental

entity or an officer or employee of a governmental entity to determine whether summary

dismissal is appropriate.  28 U.S.C. §§ 1915 and 1915A.  The Court must dismiss a

complaint or any portion thereof that states a claim that is frivolous or malicious, that fails

to state a claim upon which relief may be granted, or that seeks monetary relief from a

defendant who is immune from such relief.  *Id*.

Plaintiff bring his claims under 42 U.S.C. § 1983, the civil rights statute.  To state

**INITIAL REVIEW ORDER  1**

a claim under § 1983, a plaintiff must allege a violation of rights protected by the

Constitution or created by federal statute proximately caused by conduct of a person

acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the United States Supreme Court

addressed the issue of whether an inmate could challenge a parole denial via § 1983

rather than habeas corpus. The Court determined that an inmate may initiate a § 1983

action to seek invalidation of "state procedures used to deny parole eligibility . . . and

parole suitability," but he may not seek "an injunction ordering his immediate or speedier

release into the community." 544 U.S. at 82. At most, an inmate can seek as a remedy

"consideration of a new parole application" or "a new parole hearing," which may or may

not result in an actual grant of parole. *Id*.

**B.    Discussion**

Plaintiff asserts that, on February 8, 2005, Defendant Olivia Craven and the Idaho

Commission of Pardons and Parole ordered him to complete a therapeutic community

program as a condition of his release on parole. He alleges that his First Amendment

rights were violated because the program was a religious-based program. The incident

Plaintiff describes occurred more than two years prior to the filing of his Complaint (May

31, 2007, if the mailbox rule applies; June 5, 2007, if it does not). Therefore, the claims

may be barred by the statute of limitations. A court may dismiss a case sua sponte on

statute of limitations grounds before a defendant has filed a responsive pleading. *See*

*Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993).

**INITIAL REVIEW ORDER  2**

The length of the statute of limitations for a civil rights action is governed by state law.  *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here).  Idaho Code § 5-219 provides for a two-year statute of limitations for professional malpractice, personal injury, and wrongful death actions.  Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations.

Federal law governs when the cause of action accrued, or, in other words, when the statute of limitations began running.  *Elliott v. Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994).  The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action.  *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

It is unclear from the Complaint whether Plaintiff objected to the program on religious grounds, and, if so, what actions Defendant took after the objection.  Additional action by Defendant Craven on the therapeutic community requirement issue after May 31, 2005, may make the Complaint timely.

The Court does not currently have enough information to determine whether Plaintiff can proceed on his claim.  If the Court allows him to proceed and grants his in forma pauperis motion, he will owe the sum of $350.00 for the filing fee, which is payable in increments as he receives funds into his prison trust account.  The Court will allow Plaintiff to file either an amended complaint or a notice of voluntary dismissal within the next thirty (30) days.

**INITIAL REVIEW ORDER  3**

If Plaintiff chooses to amend his § 1983 complaint, he must allege a sufficient causal connection between Defendant's actions and the claimed deprivation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1997); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). To conform to the rules of pleading requiring a short and plain statement of the case, the complaint must allege in specific terms the following: (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights; (2) the dates on which the conduct of each Defendant allegedly took place, and (3) the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff's amended complaint must contain all of his allegations in a single pleading, and cannot rely upon or incorporate by reference prior pleadings. D. Id. L. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall reproduce the entire pleading as amended"). Plaintiff shall set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint."

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff shall file an amended complaint or a notice of voluntary dismissal within thirty (30) days after entry of this Order.

**INITIAL REVIEW ORDER  4**

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Proceed in

Forma Pauperis (Docket No. 1) is MOOT.



DATED:  **July 27, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**INITIAL REVIEW ORDER  5**