IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| GERALD L. ANDERSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. CV07-246-BLW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| OLIVIA CRAVEN, Director of Idaho Pardon and Parole, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant Olivia Craven's Supplemental Motion for Summary Judgment. (Docket No. 21.) Having reviewed the parties' filings, as well as the record in this case, the Court has determined that oral argument is unnecessary, and thus enters the following Order denying without prejudice the Supplemental Motion for Summary Judgment.

## BACKGROUND

Plaintiff is an Idaho Department of Correction (IDOC) inmate who sought release on parole in 2005, and continues to seek parole today. The defendant in this case is Olivia Craven, Executive Director of the Idaho Commission of Pardons and Parole. Plaintiff is serving a sentence for aggravated DUI and has two prior DUIs on his record. As a result, the Idaho Commission of Pardons and Parole recommended that Plaintiff participate in a Therapeutic Community (TC) program for rehabilitative purposes prior to parole.

MEMORANDUM DECISION AND ORDER 1

This case concerns whether Defendant violated Plaintiff's First and Fourteenth Amendment rights in requiring him to attend the Therapeutic Community Program ("TC"), which included Alcoholics Anonymous ("AA"), a religion-based program, prior to considering his eligibility for parole. (Docket No. 16, Attach. 3, Ex. A.)

The Court earlier determined that Plaintiff is not entitled to monetary relief. (Order of March 26, 2009, Docket No. 20.) The Court left open the issues of whether Plaintiff was entitled to declaratory or injunctive relief, because it appeared that there was a genuine issue of material fact as to whether Defendant Craven, in her official capacity, has provided Plaintiff the opportunity to complete a truly secular program as part of his therapeutic program and whether Plaintiff's opposition to the program will be used as a factor in future parole hearings. Defendant was invited to file a supplemental motion for summary judgment if facts existed to support her position that Plaintiff's remaining claims are moot.

A timeline of pertinent facts are as follows:

| | |
|---|---|
| Feb. 9, 2005 | Plaintiff was granted a tentative parole date conditioned upon successfully completing TC. |
| June 2005 | The ACLU notified the ICPP that the TC program violated inmates' First Amendment rights under the Establishment Clause because of the religious nature of the AA program. |
| Sept. 24, 2005 | Plaintiff submitted a self-initiated progress report (SIPR) requesting reconsideration of the TC requirement. "Due to my age, I was unable to endorse the TC requirement," he stated. |
| Oct. 20, 2005 | The ICPP denied the SIPR, noting that Plaintiff had asked to be removed from TC because "he didn't trust the staff, did not like their |

MEMORANDUM DECISION AND ORDER 2

| | |
|---|---|
| | decision-making process, and didn't like to confront others." |
| Dec. 2005 | The traditional TC program was modified to provide a secular alternative to the AA/NA program components, called "Beat Your Own Addiction" (BA). |
| Jan. 23, 2006 | Plaintiff submitted another SIPR, alleging that he withdrew from the TC program because it violated his civil rights. |
| Feb. 27, 2006 | Plaintiff was told that the TC program was modified to provide a secular alternative and was provided a chance to re-enroll. He refused. |
| May 26, 2006 | Plaintiff filed another SIPR, but it did not state that he had civil rights or religious objections to the TC program |
| Aug. 8, 2006 | Plaintiff filed a "petition for release" with Defendant, alleging that he was unable to complete the TC program. |
| Oct. 2006 | Plaintiff's May 26, 2006 SIPR was resubmitted by his attorney with an additional statement that the TC program violated his religious rights. |
| Nov. 16, 2006 | The ICPP considered the May 26, 2006 SIPR and denied his petition noting that the original reasons for not attending the TC program had been that he did not like the TC staff, did not like their decision-making, and did not like to confront others. |
| Jan. 25, 2007 | Kevin Butler, Programming Coordinator, wrote Plaintiff a letter explaining that the TC program had been modified to remove religious components. |
| June 5, 2007 | Plaintiff's federal civil rights Complaint was filed on June 5, 2007. |
| Oct. 24, 2007 | Plaintiff submitted an SIPR, which was denied. |

Plaintiff alleges that he was not informed during the February 2005 parole hearing that the TC program contained a religious component. The law is clear that probation or

MEMORANDUM DECISION AND ORDER 3

parole conditions requiring a person to attend AA violates the First Amendment's Establishment Clause if the person lacks advance knowledge of AA's substantial religious component and does not waive his objection. Plaintiff has provided evidence (his own testimony) that he was unaware that the TC program contained a religious component when he was ordered to participate.

The remaining claims focus on the current TC program. Therefore, the relevant inquiry is the content of the TC program today. Defendant has not shown on the record presented that Plaintiff knowingly and voluntarily "waived" his objection to the current TC program's alleged religious components by not immediately objecting on religious grounds.

In a similar circumstance, the Second Circuit Court of Appeals addressed whether a plaintiff had waived his right to object on First Amendment grounds by continuing to attend the program as ordered. *Warner v. Orange County Dept. Of Probation*, 173 F.3d 120 (2d Cir. 1999). In that case, the district court had found:

> [A]lthough Warner observed some religious activity at the sessions he attended before sentencing, his doubts were assuaged when he was told the meetings were not religious but "spiritual." The district court found it was not until well after he began serving his sentence (after the opportunity to object or appeal had passed) that Warner was exposed to the deeply religious nature of the program. The court thus found that Warner's failure to object to or appeal his sentence did not constitute consent to the sentence or a waiver or forfeiture of his constitutional claim.

*Id.*, 173 F.3d at 121. The Second Circuit Court concluded there was no consent, waiver, or forfeiture that inevitably followed from the district court findings.

Here, the Court also rejects Defendant's argument that she is entitled to dismissal of the remaining claims because she did not *cause* the constitutional violation, relying on the fact that her first notice of Plaintiff's objection was after the program had already been modified as a result of other inmates' objections. The causation issue here requires an evaluation of the present circumstances, given that the remaining injunctive and declaratory relief claims are for prospective relief only and are brought as policy-based claims against Defendant Craven in her official capacity.[1]

Respondent's argument that Petitioner is no longer being coerced to participate in a religious program because a truly secular alternative is available would be a prevailing argument on summary judgment if Respondent provided sufficient evidence to show that the *entire* TC program is free of coercive religious elements.[2] A party is not entitled to a declaratory judgment that his constitutional rights were violated when the violation ceased and there is no evidence that the conduct toward him will be repeated. *Green v. Branson,* 108 F.3d 1296, 1299-1300 (10th Cir. 1997). Rather, suits for declaratory or injunctive relief must present a live controversy justiciable under Article III of the

---

[1] *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (Because a suit against an official in his or her official capacity is a suit against the state, a plaintiff seeking injunctive relief against a defendant in his/her official capacity must allege that a policy or procedure of the state caused the constitutional violation.); *see Hoptowit v. Spellman*, 753 F.2d 779 (9th Cir. 1985) (personal participation not necessary for an injunctive relief claim).

[2] Plaintiff's allegations seem to have widened from a view that the AA portion of the program is religious, to the overall religious nature of the TC program. The Court will permit Plaintiff to challenge the entire TC program at this point because the focus of this case remains whether the *current* program is nonreligious in nature and is not focused on the past.

MEMORANDUM DECISION AND ORDER 5

Constitution. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007) (declaratory judgment); *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (injunctive relief). An actual, justiciable controversy must exist not only at the moment that the suit is initiated, but also at the time that the party's entitlement to the requested relief is decided. *Golden v. Zwickler*, 394 U.S. 103, 108 (1969). Past injury, without more, cannot form the basis for either injunctive or declaratory relief. *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects."); *Haase v. Sessions*, 835 F.2d 902, 911 (D.C.Cir. 1987) (equating case-or-controversy requirement for declaratory judgment with one applicable to request for injunctive relief); *see also Green v. Mansour*, 474 U.S. 64, 74 (1985) (rejecting the view that "declaratory judgments expressly adjudicating the question of past violations are routinely available").

Defendant argues that inmates may choose the secular "Beat Your Own Addiction" component that has been added to the TC Program as an alternative to the AA program. Plaintiff counters that it is not only the AA program that is religious in nature, but the entire TC Program itself has "religious overtones." This allegation requires the Court to subject the TC Program components–other than AA–to the religious coercion test.³ While the Court agrees with Defendant that Plaintiff's affidavits supporting his

---

³ While there are several different First Amendment tests developed by the United States Supreme Court to address various factual circumstances where religion is at issue, the Ninth

claims are less than ideal, they still raise a question as to whether the entire TC program is religious in nature. Therefore, the Court will again deny summary judgment without prejudice, but will permit Defendant to submit the TC program policies and materials and provide further argument to demonstrate that the TC program does not fit the religious coercion test.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Supplemental Motion for Summary Judgment (Docket No. 21) is DENIED without prejudice.

IT IS FURTHER HEREBY ORDERED that Defendant may file another summary judgment motion, but is required to file supporting materials from the TC program as to the nature of the program and the manner in which religion is addressed, which may include supporting affidavits, no later than **May 28, 2010.** Plaintiff may file a response no later than **June 30, 2010.** Defendant may file a reply no later than **July 16, 2010.**

---

Circuit has agreed with those courts that have applied the "coercion test" as stated in 95 F.3d 472, 474 (7th Cir. 1996): "first, has the state acted; second, does the action amount to coercion; and third, is the object of the coercion religious rather than secular?" *See Inouye v. Kemna*, 504 F.3d 705, 713 (9th Cir. 2007)(relying on *Kerr*, 95 F.3d at 479).

In *Catala v. Commissioner, New Hamshire Department of Correction*, the court explained the "coercion test" as follows:

> Forced attendance or coercion is shown if a prison official, a parole board, or another state actor requires an inmate to attend a program that emphasizes religion or faith as a condition of his probation or sentencing. In contrast, merely suggesting or recommending a religious program, without force or coercion or when secular options are equally available, is not a First Amendment violation.

2005 WL 3133036, at *1 (D.N.H. 2005) (citations omitted).

DATED: **March 16, 2010**



_____
Honorable B. Lynn Winmill
Chief U. S. District Judge